# PAUL CHOY, Appellant, *v.* AMERISTAR CASINOS, INC., a Nevada Corporation, Respondent.

## No. 56281

November 23, 2011                265 P.3d 698

[Rehearing denied February 24, 2012]
[En banc reconsideration denied June 28, 2012]

*Nersesian & Sankiewicz* and *Robert A. Nersesian* and *Thea Marie Sankiewicz*, Las Vegas, for Appellant.

*Pisanelli Bice, PLLC,* and *Todd L. Bice* and *Jarrod L. Rickard*, Las Vegas, for Respondent.

Before DOUGLAS, HARDESTY and PARRAGUIRRE, JJ.

## OPINION

By the Court, DOUGLAS, J.:

At issue in this appeal is the procedure required by NRCP 56(f) for the party opposing a motion for summary judgment to request the denial or continuance of the motion in order to obtain additional affidavits or conduct further discovery. By its plain language, NRCP 56(f) requires that the party opposing summary judgment provide an affidavit stating the reasons why denial or continuance of the motion for summary judgment is necessary to allow the opposing party to obtain further affidavits or discovery. Because appellant failed to provide the required affidavit, the district court properly denied appellant's request for a continuance.

### FACTS AND PROCEDURAL HISTORY

On June 30, 2009, appellant Paul Choy filed a complaint in district court alleging various tort claims against respondent Ameristar Casinos, Inc. According to the complaint, on September 22, 2007, Choy was gambling at the Ameristar Casino Hotel Kansas City, a wholly owned subsidiary of respondent located in Kansas City, Missouri, when he was approached and questioned by casino security guards. When he chose not to answer the guards' questions, Choy alleges that he was handcuffed and his belongings were searched. On March 10, 2010, approximately nine months after the filing of the complaint, Ameristar filed a motion for summary judgment on the basis that it was not properly named as a party by Choy, as Ameristar did not own or operate the Ameristar Casino Hotel Kansas City. In his opposition to Ameristar's motion for summary judgment, Choy included a paragraph arguing that under NRCP 56(f) this matter should be continued to allow discovery before granting Ameristar's motion because the case was relatively new and there had not yet been any discovery.

The district court granted Ameristar's motion for summary judgment, finding that it did not own or operate the Ameristar Casino Hotel Kansas City. Choy then filed this appeal.

## DISCUSSION

The decision to grant or deny a continuance of a motion for summary judgment to allow further discovery is reviewed for an abuse of discretion. *Aviation Ventures v. Joan Morris, Inc.*, 121 Nev. 113, 117-18, 110 P.3d 59, 62 (2005). NRCP 56(f) requires that the party opposing a motion for summary judgment and seeking a denial or continuance of the motion in order to conduct further discovery provide an affidavit giving the reasons why the party cannot present ''facts essential to justify the party's opposition.'' When possible, we construe statutes so that no part of the statute is without effect. *Paramount Ins. v. Rayson & Smitley*, 86 Nev. 644, 649, 472 P.2d 530, 533 (1970); *see Webb v. Clark County School Dist.*, 125 Nev. 611, 618, 218 P.3d 1239, 1244 (2009) (indicating that the rules of statutory interpretation apply to Nevada's Rules of Civil Procedure). This court has also recognized that a substantial compliance standard generally applies to statutory requirements, and the complete failure to meet a specific requirement of a statute will result in a lack of substantial compliance. *LVCVA v. Secretary of State*, 124 Nev. 669, 682-84, 191 P.3d 1138, 1146-48 (2008). Here, Choy did not provide an affidavit in support of his request for a continuance of Ameristar's motion for summary judgment in order to conduct discovery. Thus, the paragraph included in Choy's opposition, requesting a continuance of the motion, was not substantially compliant with NRCP 56(f), and the district court properly denied Choy's request for a continuance of Ameristar's motion for summary judgment.

Choy also appealed the district court's order granting Ameristar summary judgment. This court reviews summary judgments de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate if the pleadings and other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute and that the moving party is entitled to judgment as a matter of law. *Id.* To withstand summary judgment, the nonmoving party cannot rely solely on general allegations and conclusions set forth in the pleadings, but must instead present specific facts demonstrating the existence of a genuine factual issue supporting his claims. NRCP 56(e); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1030-31. Choy did not present any specific facts or affidavits demonstrating the existence of a genuine issue sup-

porting his claim that Ameristar owned or operated the Ameristar Casino Hotel Kansas City. The district court, therefore, properly granted Ameristar's motion for summary judgment.

## CONCLUSION

Choy did not comply with NRCP 56(f) because he did not attach an affidavit explaining why he sought a continuance of the summary judgment motion to conduct further discovery. A request for a continuance contained within the opposition to the motion is not sufficient to meet this unequivocal affidavit requirement. Thus, the district court properly denied Choy's request for a continuance.

Choy also failed to present any facts or affidavits demonstrating the existence of a genuine issue regarding Ameristar's ownership or operation of the Ameristar Casino Hotel Kansas City. The district court, therefore, properly granted Ameristar's motion for summary judgment.

HARDESTY and PARRAGUIRRE, JJ., concur.