An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK FORSBERG AND NICOLE
FORSBERG, HUSBAND AND WIFE,
Appellants,
vs.
CARSON CITY, A POLITICAL
SUBDIVISION OF THE STATE OF
NEVADA,
Respondent.

No. 57522

**FILED**

JUN 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment order in a negligence action. First Judicial District Court, Carson City; James E. Wilson, Judge.[1]

Appellants Mark and Nicole Forsberg filed a complaint for negligence against respondent Carson City alleging that respondent was negligent in constructing a catchment road near their property, which resulted in flood damage to their home. The district court subsequently granted summary judgment on this claim on respondent's motion, concluding that Carson City was immune from liability for any alleged negligence claim because the project constituted emergency management as contemplated by NRS 414.110.[2]

---

[1]The challenged order addresses both dismissal and summary judgment. Because it appears that the district court considered matters outside of the pleadings, we review the dismissal order as if it were a summary judgment. *See* NRCP 12(b); *Coblentz v. Hotel Emps. & Rest. Emps. Union Welfare Fund*, 112 Nev. 1161, 1167, 925 P.2d 496, 499 (1996).

[2]Although appellants' complaint also included a claim for negligence in approving a housing development, they voluntarily dismissed that claim so as to only appeal the district court's immunity determination, arguing that it was impossible to proceed with the housing development approval claim without the catchment road negligence claim.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17753

On appeal, appellants argue that the district court erred in granting summary judgment on their negligence claim on NRS 414.110 immunity grounds. Having reviewed the parties' briefs and appendices, we affirm the district court's grant of summary judgment. NRS 414.110(1) creates absolute governmental immunity for "activities relating to emergency management." In *ASAP Storage, Inc. v. City of Sparks*, this court held that emergency management activities include both preparation activities and response activities. 123 Nev. 639, 654, 173 P.3d 734, 744 (2007). And "[w]hether a pre-emergency act is immune turns solely on whether it was undertaken by the government in preparing for an emergency." *Id.* at 654-55, 173 P.3d at 744-45 (recognizing that NRS 414.110(1) provided immunity for emergency planning activities and emergency functions related to a flood); *see also* NRS 414.035 (defining emergency management as preparation for all emergency functions to minimize injury and repair damage from emergencies or disasters caused by floods, fires, and other disasters).

Based on our review of the record on appeal, we conclude that the district court correctly held that Carson City's construction of the catchment road fell within the scope of activities covered by NRS 414.110(1) immunity. *See ASAP Storage*, 123 Nev. at 654, 173 P.3d at 744 (providing that "NRS 414.110(1) creates governmental immunity for emergency preparation activities as well as emergency responses"). Thus, given that appellants' complaint alleged only that Carson City was negligent in constructing the catchment road and did not include claims for gross negligence, willful misconduct, or bad faith, the district court did not err in granting Carson City summary judgment on appellants'

negligence claims on NRS 414.110(1) immunity grounds.[3] *ASAP Storage*, 123 Nev. at 654-55, 173 P.3d at 744-45; *see also Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (explaining that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[3]Although appellants also argue that granting summary judgment to respondent before any discovery was conducted was improper, we reject this contention. Notably, our review of the record provides no indication that appellants ever made a proper motion for a continuance to allow further discovery under NRCP 56(f). *See Choy v. Ameristar Casinos, Inc.*, 127 Nev. ___, ___, 265 P.3d 698, 700 (2011) (concluding that the mere inclusion of a request for a continuance in an opposition to a summary judgment motion without an accompanying affidavit explaining why the continuance is being sought does not constitute an adequate request for further discovery under NRCP 56(f)); *Aviation Ventures, Inc. v. Joan Morris, Inc.*, 121 Nev. 113, 118, 110 P.3d 59, 62 (2005) (requiring that a motion for a continuance under NRCP 56(f) provide an explanation of how further discovery will lead to the creation of a genuine issue of material fact).

[4]We have considered appellants' remaining appellate contentions and conclude that they lack merit.

cc:  Hon. James E. Wilson, District Judge
     Laurie A. Yott, Settlement Judge
     Scarpello & Huss, Ltd.
     Watson Rounds
     Carson City Clerk