An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARY MONTAG, INDIVIDUALLY AND
ON BEHALF OF A CLASS OF ALL
SIMILARLY SITUATED PERSONS,
Appellant,
vs.
VENETIAN CASINO RESORT, LLC,
Respondent.

No. 63833

**FILED**

MAY 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in a putative class action concerning employee gratuities. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Respondent Venetian Casino Resort employed appellant Mary Montag as a food and beverage server. It came to light that Venetian charged its customers mandatory gratuities, in the form of service charges, but did not fully distribute those gratuities to servers. Some percentage of the gratuity charges went to Venetian management. Montag filed a putative class action against Venetian alleging, among other things, that Venetian's service charge practices constituted consumer fraud, interfered with her economic relationship with Venetian customers, and prevented her from benefiting as a third-party beneficiary to Venetian's contracts with its customers. The district court granted summary judgment in favor of Venetian on those claims.

A court should only grant a motion for summary judgment when there is no genuine issue of any material fact. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Under NRCP 56(f), if

SUPREME COURT
OF
NEVADA

(O) 1947A

15-16419

a party opposing a motion for summary judgment cannot "present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance." "The decision to grant or deny a continuance of a motion for summary judgment to allow further discovery is reviewed for an abuse of discretion." *Choy v. Ameristar Casinos, Inc.*, 127 Nev. Adv. Op. No. 78, 265 P.3d 698, 700 (2011).

We conclude that the district court abused its discretion by not permitting further discovery. Montag's request for additional discovery in her opposition to Venetian's motion for summary judgment was sufficient for purposes of an NRCP 56(f) continuance. *See Aviation Ventures, Inc. v. Joan Morris, Inc.*, 121 Nev. 113, 118, 110 P.3d 59, 62 (2005) (stating that a continuance under NRCP 56(f) is appropriate if the movant sets forth how further discovery will create a genuine issue of material fact and the movant does not possess a dilatory motive). There is no indication that Montag's request for further discovery was made with a dilatory motive. *Id.* at 118-19, 110 P.3d at 62-63. In addition, further discovery may create a genuine issue of fact for three reasons.

First, whether Montag is a third-party beneficiary of certain contracts turns on, among other things, whether those contracts exist and whether the parties to those contracts intended her to be a beneficiary. *Cf. Lipshie v. Tracy Inv. Co.*, 93 Nev. 370, 379, 566 P.2d 819, 824 (1977) (stating the rule that "there must clearly appear a promissory intent to benefit the third party"). Montag's request for discovery falls well within this category. Discovery could easily uncover facts showing that the contracts exist and that the mandatory gratuity was intended to benefit servers like Montag.

Second, the timeliness of Montag's consumer fraud claim is determined by "'the date of the discovery of facts which in the exercise of proper diligence would have enabled the plaintiff to learn of the fraud.'" *Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306 (9th Cir. 1992) (quoting *Howard v. Howard*, 69 Nev. 12, 22, 239 P.2d 584, 589 (1952)). It is unclear, without further discovery, whether Montag's termination date is the time at which the statute of limitations began to run.

Third, Montag's standing to sue for consumer fraud depends on her ability to demonstrate that she was harmed by her employer's alleged deceptive trade practices. *Del Webb Cmtys., Inc. v. Partington*, 652 F.3d 1145, 1152-53 (9th Cir. 2011).

As we have recently noted, "[a] district court must not elevate promptness and efficiency over fairness and due process by entering summary judgment before claims are properly before it for decision." *Renown Reg'l Med. Ctr. v. Second Judicial Dist. Court*, 130 Nev. Adv. Op. No. 80, 335 P.3d 199, 202 (2014) (internal quotation omitted). Granting summary judgment at this early stage of the proceedings was an abuse of discretion. We have no need to consider Montag's other arguments. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Susan Johnson, District Judge
Leon Greenberg Professional Corporation
Haygood, Cleveland, Pierce & Thompson, LLP
Eighth District Court Clerk