IN THE SUPREME COURT OF THE STATE OF NEVADA

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR2 (INCORRECTLY NAMED AS DEUTSCHE BANK NATIONAL TRUST COMPANY), Appellant,

vs.

PREMIER ONE HOLDINGS, INC., A NEVADA CORPORATION, Respondent.

No. 67391

FILED

MAY 1 0 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

The district court granted summary judgment in favor of respondent, reasoning that this court's opinion in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408 (2014), upheld the constitutionality of NRS Chapter 116's notice and lien foreclosure scheme. On appeal, appellant first contends that the *SFR Investments* opinion left this issue unresolved and that NRS Chapter 116's scheme is facially unconstitutional. Having reviewed the record, we conclude that appellant did not adequately raise this argument in district court. We therefore decline to consider it in the first instance on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

Appellant next contends that the district court abused its discretion in denying its request for a continuance under NRCP 56(f). *See Choy v. Ameristar Casinos, Inc.*, 127 Nev. 870, 872, 265 P.3d 698, 700

16 - 14578

(2011) (recognizing that a district court has the discretion to grant or deny a continuance of a motion for summary judgment to allow further discovery). We conclude that the district court was within its discretion in denying appellant's request, as the declaration provided in support of its request stated without elaboration that appellant needed to conduct discovery on the general issues of "'notice,' tender, compliance of NRS 116, and the amount of the HOA lien." This statement failed to specify what discovery appellant needed to undertake and what it expected that discovery to yield that would generate genuine issues of material fact to defeat summary judgment. *See* NRCP 56(f) ("Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court . . . may order a continuance . . . ."); *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 669, 262 P.3d 705, 714 (2011) ("A motion for a continuance under NRCP 56(f) is appropriate only when the movant expresses how further discovery will lead to the creation of a genuine issue of material fact." (quotation and alteration omitted)). The district court was therefore within its discretion to deny appellant's request for a continuance. *Choy*, 127 Nev. at 872, 265 P.3d at 700. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Hon. Richard Scotti, District Judge
John Walter Boyer, Settlement Judge
Snell & Wilmer, LLP/Tucson
Snell & Wilmer, LLP/Las Vegas
Hong & Hong
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A