# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| VINCENT T. SCHETTLER; AND VINCENT T. SCHETTLER, TRUSTEE OF VINCENT T. SCHETTLER LIVING TRUST,<br>Appellants,<br>vs.<br>RALRON CAPITAL CORPORATION, A NEVADA CORPORATION,<br>Respondent. | No. 66725 |
| VINCENT T. SCHETTLER; AND VINCENT T. SCHETTLER, TRUSTEE OF THE VINCENT T. SCHETTLER LIVING TRUST,<br>Appellants,<br>vs.<br>RALRON CAPITAL CORPORATION, A NEVADA CORPORATION,<br>Respondent. | No. 67035 |

FILED

MAY 1 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated appeals from a district court summary judgment entered on remand in a contract action and a post-judgment award of attorney fees and costs. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

*Docket No. 66725*

Appellants first contend that the district court lacked subject matter jurisdiction because respondent failed to establish that it had standing to enforce the Loan Documents. We disagree. *See Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011) (recognizing that "[s]tanding is a question of law reviewed de novo"). In conjunction with respondent's first motion for summary judgment, respondent produced an affidavit in which the affiant attested that

SUPREME COURT
OF
NEVADA

(O) 1947A

respondent acquired the Loan Documents from the FDIC. This evidence, particularly in the absence of contrary evidence, was sufficient to demonstrate that respondent had standing to enforce the Loan Documents.[1] Thus, in granting respondent's second motion for summary judgment, the district court correctly determined that there was an evidentiary basis to support respondent's status as the real party in interest with standing to enforce the Loan Documents. *See id.* (observing that the issue of standing "overlaps with" the inquiry into whether a party is a real party in interest under NRCP 17(a)).

Similarly, the district court also correctly found that appellants had not previously challenged that evidentiary basis and had also previously acknowledged that respondent was the real party in interest. Based on those findings, the district court was within its discretion in denying appellants' request to conduct additional discovery on the issue of whether respondent was the real party in interest. *Cf. Choy v. Ameristar Casinos, Inc.*, 127 Nev. 870, 872, 265 P.3d 698, 700 (2011) (recognizing that a district court has the discretion to grant or deny a continuance of a motion for summary judgment to allow further discovery). Accordingly, we conclude that appellants' argument regarding subject matter jurisdiction does not warrant reversal of the district court's summary judgment.

---

[1]Although appellants suggest for the first time on appeal that this evidence was not "admissible," they do not articulate a basis for that suggestion. *Cf. Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that this court need not consider arguments that are not cogently made and supported by salient authority).

Appellants next contend that an issue of material fact exists as to whether respondent[2] waived its contractual rights to freeze Vincent Schettler's line of credit and to declare him in default. Specifically, appellants contend that a waiver occurred by virtue of (1) respondent sending the Commitment Letter, (2) disbursing two draws on the line of credit at a time when respondent was aware of Schettler's updated financial condition; or, alternatively (3) accepting an interest payment from Schettler. We disagree. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment). The district court correctly determined that neither respondent's Commitment Letter nor its acceptance of an interest payment was conduct inconsistent with respondent's contractual rights under the Loan Documents. *Cf. Hudson v. Horseshoe Club Operating Co.*, 112 Nev. 446, 457, 916 P.2d 786, 792 (1996) ("Waiver occurs where a party knows of an existing right and . . . exhibits conduct so inconsistent with an intent to enforce the right as to induce a reasonable belief that the right has been relinquished."). And to the extent that respondent's disbursement of two draws could plausibly be construed as inconsistent conduct, we agree with the district court's construction and application of the Business Loan Agreement's "No Waiver By Lender" provision.[3] *See May v. Anderson*, 121 Nev. 668, 672,

---

[2]For the sake of clarity, we refer to Silver State Bank and respondent collectively as "respondent."

[3]We have not considered appellants' argument, raised for the first time in their reply brief, that the "No Waiver By Lender" provision could itself be waived. *See Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011).



119 P.3d 1254, 1257 (2005) ("Contract interpretation is subject to a de novo standard of review.").

Appellants lastly contend that an issue of material fact exists as to whether respondent anticipatorily breached the Loan Documents. Specifically, appellants contend that a breach occurred because respondent sent the Default Letter at a time when (1) Schettler was current on his interest payments, and (2) the offer in the Commitment Letter was still pending. Again, we disagree. Appellants have not identified any contractual language that prohibited respondent from freezing Schettler's line of credit and declaring him in default at a time when he was current on his interest payments. To the contrary, the district court found that there was evidence to support at least eight occurrences that constituted a default under the Loan Documents, none of which appellants contest on appeal. Similarly, appellants have not identified any contractual language suggesting that the Commitment Letter was a part of the Loan Documents, such that an arguable breach of the Commitment Letter would constitute a breach of the Loan Documents. The district court therefore correctly determined that no issue of material fact existed regarding whether respondent anticipatorily breached the Loan Documents. *See Wood,* 121 Nev. at 729, 121 P.3d at 1029; *May*, 121 Nev. at 672, 119 P.3d at 1257.

In light of the foregoing, we affirm the district court's summary judgment being challenged in Docket No. 66725.

*Docket No. 67035*

Aside from contending that the award of attorney fees and costs should be reversed if the summary judgment is reversed, appellants make no arguments regarding the propriety of that award. Thus, in light

of our resolution of the appeal in Docket No. 66725, we affirm the award of fees and costs being challenged in Docket No. 67035.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Elissa F. Cadish, District Judge
Schwartz Flansburg PLLC
Feldman Graf
Robison Belaustegui Sharp & Low
Eighth District Court Clerk