# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2006-6CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-6CB,
Appellant,
vs.
RICHARD L. KIM, AN INDIVIDUAL; AMY R. KIM, AN INDIVIDUAL; AND SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondents.

No. 67758

FILED

APR 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a district court summary judgment in a judicial foreclosure and quiet title action. Eighth Judicial District Court, Clark County; James Crockett, Judge.

In granting summary judgment for respondent SFR Investments, the district court denied appellant's request for a continuance under NRCP 56(f), evidently based solely on appellant's failure to provide the required affidavit. *See Choy v. Ameristar Casinos, Inc.*, 127 Nev. 870, 872, 265 P.3d 698, 700 (2011). While appellant did not attach the required affidavit to its summary judgment opposition, appellant did file the affidavit contemporaneously with its summary judgment opposition. Under these circumstances, we believe it was error for the district court not to have considered the affidavit's merits. Having reviewed the affidavit, we conclude that appellant sought discovery relevant to the issues of whether the HOA foreclosure sale complied with

state law[1] and whether the sale was affected by fraud, unfairness, or oppression. Moreover, because the record indicates that appellant was actively pursuing discovery in those respects at the time summary judgment was granted, we conclude that the district court abused its discretion in denying appellant's request for a continuance. *Id.* Accordingly, we vacate the district court's summary judgment in favor of respondent SFR Investments.

With respect to appellant's claims against respondents Richard and Amy Kim, the viability of those claims is intertwined with the determination of whether the HOA foreclosure sale extinguished appellant's deed of trust. Since we have determined that the district court improperly entered summary judgment before allowing appellant to complete discovery on issues concerning the sale's validity, it would be premature for us to consider whether summary judgment in favor of the Kims was proper. Accordingly, we vacate the district court's summary judgment in favor of the Kims as well. Consistent with the foregoing, we

---

[1]Within the confines of this appeal, we are persuaded by SFR Investments' reliance on *In re Tracht Gut, LLC*, 503 B.R. 804, 817 (B.A.P. 9th Cir. 2014), *aff'd*, 836 F.3d 1146, 1153-54 (9th Cir. 2016), and *Kojima v. Grandote International LLC*, 252 F.3d 1146, 1152 (10th Cir. 2001). In particular, those cases support the district court's reasoning with respect to its reasonably-equivalent-value determination, and neither appellant nor amicus curiae addressed those cases (we recognize that amicus curiae did not have the opportunity to address those cases, *see* NRAP 29(g)). Thus, within the confines of this appeal, appellant was not entitled to summary judgment based upon the Uniform Fraudulent Transfer Act, but appellant should have been permitted to conduct discovery on the issue of whether the foreclosure sale complied with state law.

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. James Crockett, District Judge
Kathleen J. England, Settlement Judge
Wright, Finlay & Zak, LLP/Las Vegas
Kim Gilbert Ebron
Connaghan Newberry Law Firm
McCarthy & Holthus, LLP/Las Vegas
Eighth District Court Clerk