# IN THE SUPREME COURT OF THE STATE OF NEVADA

PNC BANK, N.A., SUCCESSOR BY
MERGER TO NATIONAL CITY
MORTGAGE CO D/B/A
COMMONWEALTH UNITED
MORTGAGE COMPANY,
Appellant,
vs.
SATICOY BAY, LLC SERIES 4208
ROLLING STONE DR. TRUST,
Respondent.

No. 69201



FILED

JUN 15 2017

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment in favor of respondent. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's summary judgment). In *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), this court held that due process is not implicated when an HOA forecloses on its superpriority lien in compliance with NRS Chapter 116's statutory scheme

17-19892

because there is no state action. Consistent with *Saticoy Bay*, we reject appellant's constitutional argument.[1]

Appellant also argues that the sale should be set aside as commercially unreasonable. As this court observed in *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, "'inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale'" absent additional "'proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price.'" 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1111 (2016) (quoting *Golden v. Tomiyasu*, 79 Nev. 503, 514, 387 P.2d 989, 995 (1963)). Here, we disagree that appellant has identified an element of fraud, unfairness, or oppression. Although appellant argues that the HOA unfairly impeded appellant's attempt to negotiate a short sale with the homeowner, the evidence in the record does not support that argument. Rather, the evidence demonstrates that the HOA's agent provided a payoff amount to the homeowner's escrow company, that appellant received the notice of trustee's sale roughly three months thereafter, and that the HOA's agent did not conduct the foreclosure sale until roughly three

---

[1]As this court observed in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting). The record contains undisputed evidence that appellant and/or its predecessor was mailed the statutorily required notices.

months after appellant received the notice, during which time appellant made no further efforts to contact the HOA or its agent.[2]

Appellant next argues that the district court erred in treating the recitals in respondent's deed as conclusive proof that the foreclosure sale was valid. We need not address whether the district court erred in this regard because the record contains undisputed evidence that appellant and/or its predecessor received both the notice of default and the notice of sale. *See Cuzze v. Univ. & Cmty. College Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007) ("If the moving party will bear the burden of persuasion, that party must present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence."). Likewise, although appellant argued in district court that "there are no statutory presumptions in favor of the existence of the conditions for super-priority liens," we conclude that the language in the notices constituted prima facie evidence that the HOA was foreclosing on a lien comprised of monthly assessments. *See id.; cf. SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014) (observing that an HOA's lien will generally be comprised of monthly assessments). Thus, even without the recitals in respondent's deed, respondent produced evidence sufficient to entitle it to summary judgment in the absence of contrary evidence.[3] *Cuzze*, 123 Nev. at 602, 172 P.3d at

---

[2]We need not consider appellant's argument regarding defective foreclosure notices because that argument was not made in district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[3]Appellant has identified additional elements that it contends are required to establish a valid HOA superpriority lien foreclosure sale, and it contends that respondent failed to present evidence in support of these elements. Because we are not persuaded that it was respondent's burden
*continued on next page...*

134; *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (recognizing that summary judgment is proper when no genuine issues of material fact exist).

Lastly, we conclude that the district court was within its discretion in denying appellant's request for an NRCP 56(f) continuance. *Choy v. Ameristar Casinos, Inc.*, 127 Nev. 870, 872, 265 P.3d 698, 700 (2011) (observing that granting or denying a continuance is within the district court's discretion). Although appellant asked to conduct discovery to determine whether the sale was commercially reasonable, this general request failed to specify what evidence appellant believed additional discovery would yield so as to create a genuine issue of material fact. *See Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 669, 262 P.3d 705, 714 (2011) ("A motion for a continuance under NRCP 56(f) is appropriate only when the movant expresses how further discovery will lead to the creation of a genuine issue of material fact." (quotation and alteration omitted)). Similarly, because the value of the property would be irrelevant in the absence of "fraud, unfairness, or oppression," *Shadow Wood*, 132 Nev., Adv. Op. 5, 366 P.3d at 1112, the district court was within its discretion in denying appellant additional time to obtain an appraisal. *Choy*, 127 Nev. at 872, 265 P.3d at 700. Finally, and to the extent appellant makes the argument on appeal, the record demonstrates that appellant deposed the NRCP 30(b)(6) witness for the HOA's agent and no evidence of collusion

---

*...continued*
to establish the existence or nonexistence of those elements, we decline to consider whether the district court erred in determining that the deed recitals conclusively established those elements. We further note that several of those elements were not identified in district court. *Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983.

between the HOA's agent and respondent was revealed.[4] The district court was therefore within its discretion in determining that additional discovery on that issue would have been futile. *Choy*, 127 Nev. at 872, 265 P.3d at 700. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Joseph Hardy, Jr., District Judge
       Janet Trost, Settlement Judge
       Wolfe & Wyman LLP
       Law Offices of Michael F. Bohn, Ltd.
       Eighth District Court Clerk

---

[4]The record also suggests that appellant may have already deposed respondent's principal, which likewise revealed no evidence of collusion.