IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF THE CWABS, INC. ASSET-BACK CERTIFICATES SERIES 2006-6,
Appellant,
vs.
K & P HOMES, LLC, A SERIES LIMITED LIABILITY COMPANY OF DEK HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 71273

FILED

OCT 20 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant argues that summary judgment was improper because respondent failed to produce prima facie evidence that the HOA foreclosed on the superpriority portion of its lien. We disagree. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's summary judgment). Because NRS Chapter 116 envisions an HOA adopting a periodic budget as a prerequisite for imposing monthly assessments, *see* NRS 116.3115(1); NRS 116.31151(3), the Notice of Delinquent Assessment Lien constituted prima facie evidence that the HOA had, in fact, adopted a periodic budget. Additionally, the December 2008 Notice of Default expressly stated that the former homeowners had not paid their HOA dues since September 2007, which demonstrates that

17-36017

the HOA's lien included nine months of assessments.[1]  Finally, and assuming that an HOA can choose to foreclose on only the subpriority portion of its lien when the superpriority portion has not been satisfied, the Foreclosure Deed unambiguously stated that the HOA (through Nevada Association Services[2]) conveyed "all its right, title and interest in" the subject property, which demonstrates that the HOA did not choose to conduct a subpriority-only foreclosure in this case.  Therefore, we conclude that respondent produced prima facie evidence that the HOA foreclosed on the superpriority portion of its lien.

Appellant next contends that the district court failed to evaluate whether the foreclosure sale was affected by "unfairness" so as to potentially warrant invalidating the sale. *Cf. Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1111 (2016) (observing that "'inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale'" absent additional "'proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price.'" (quoting *Golden v. Tomiyasu*, 79 Nev. 503, 514, 387 P.2d 989, 995 (1963))).  While we recognize that the

---

[1]To the extent that *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408 (2014), did not already reject appellant's argument regarding the constitutional adequacy of the foreclosure notices, that argument fails in light of the language in the 2008 Notice of Default.

[2]The HOA's decision to not object to the 2013 Notice of Foreclosure Sale when it received that notice from Nevada Association Services constitutes prima facie evidence that the HOA authorized Nevada Association Services to conduct the sale. *Cf.* Restatement (Third) of Agency §§ 4.01-4.03 (2006) (recognizing that a principal may ratify the acts of a person purporting to act on the principal's behalf by manifesting assent to those acts).

district court referred to "coercion" instead of "unfairness," appellant's only proffered evidence of unfairness was the fact that the 2008 Notice of Default was recorded during the pendency of the former homeowners' bankruptcy case.[3] Given that appellant did not acquire its interest in the property until three years after the bankruptcy case was closed, we are not persuaded by appellant's unsupported argument that it chose not to stop the HOA foreclosure sale based on its belief that a court would at some later date declare the sale void. Accordingly, we are not persuaded that the foreclosure sale was affected by unfairness so as to justify setting it aside.

However, we conclude that the district court abused its discretion in denying appellant's request for an NRCP 56(f) continuance to conduct discovery into the commercial reasonableness of the sale. *See Choy v. Ameristar Casinos, Inc.*, 127 Nev. 870, 872, 265 P.3d 698, 700 (2011) (observing that granting or denying a continuance is within the district court's discretion). Specifically, the record demonstrates that appellant had not been dilatory in conducting discovery, and appellant's declaration[4] sufficiently articulated the type of discovery it wanted to conduct and how that discovery might reveal evidence sufficient to create a question of material fact regarding whether the sale should be set aside. *Cf. Shadow Wood*, 132 Nev., Adv. Op. 5, 366 P.3d at 1114 (recognizing that a quiet title action is equitable in nature and, as such, a court must consider "the

---

[3]We note that the bankruptcy court granted respondent's request to retroactively annul the stay, which makes this case different from others in which this court has addressed the recording of foreclosure notices during the pendency of a bankruptcy petition.

[4]We disagree with respondent's suggestion that appellant failed to satisfy NRCP 56(f)'s affidavit requirement. *See* NRS 53.045(1) (providing that a declaration signed under penalty of perjury has the same legal effect as an affidavit).

SUPREME COURT
OF
NEVADA

(O) 1947A

entirety of the circumstances that bear upon the equities"). Consequently, summary judgment may have been improper. *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (recognizing that summary judgment is proper only when no genuine issues of material fact remain). Accordingly, on remand, appellant should be permitted to conduct discovery into the commercial reasonableness of the HOA sale as articulated in its NRCP 56(f) declaration. We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[5]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Douglas Smith, District Judge
        Persi J. Mishel, Settlement Judge
        Brooks Hubley LLP
        The Wright Law Group
        Eighth District Court Clerk

---

[5]Appellant's argument that *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408 (2014), should be applied only prospectively fails in light of this court's decision in *K&P Homes v. Christiana Trust*, 133 Nev., Adv. Op. 51, 398 P.3d 292 (2017).

SUPREME COURT
OF
NEVADA

(O) 1947A