# IN THE SUPREME COURT OF THE STATE OF NEVADA

WELLS FARGO BANK, N.A., A
NATIONAL ASSOCIATION,
Appellant,
vs.
R VENTURES I, LLC, A NEVADA
SERIES LIMITED LIABILITY
COMPANY OF THE CONTAINER R
VENTURES, LLC UNDER NRS 86.296,
Respondent.

No. 69280

**FILED**

DEC 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Valerie Adair, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant Wells Fargo Bank challenges the relevant provisions of NRS Chapter 116, arguing that the statutory scheme violates its due process rights and that a foreclosure under that scheme constitutes a governmental taking. This court's decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), forecloses those challenges.[1]

---

[1]We need not address Wells Fargo's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J.,

17-43237

Wells Fargo also asserts that there are genuine issues of material fact that preclude summary judgment, namely that the foreclosure sale was commercially unreasonable based on the inadequacy of the purchase price. This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, ___ P.3d ___ (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* at 10-11. Although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *id.* at 15-16, Wells Fargo did not offer any evidence other than the inadequacy of the purchase price. Therefore, the district court correctly determined that respondent was entitled to summary judgment on its quiet title claim. *See SFR Inv. Pool 1 v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust)[2]; *see also see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant.").

---

dissenting); *see also Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

[2]To the extent that Wells Fargo's public policy arguments were not addressed in *SFR Investments*, we conclude that those arguments do not warrant reversal.

Finally, Wells Fargo's contention regarding the deed recitals does not change the propriety of the district court's determination, as no contradictory evidence was introduced to call those recitals into question,[3] and Wells Fargo has not meaningfully explained what additional evidence respondent needed to introduce to make a prima facie showing that the sale was valid. *See Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1109-12 (2016) (explaining that conclusive effect of recitals included in trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable relief but that party challenging the sale must set forth grounds for such relief). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Valerie Adair, District Judge
     Janet Trost, Settlement Judge
     Snell & Wilmer LLP/Salt Lake City
     Snell & Wilmer, LLP/Tucson
     Snell & Wilmer, LLP/Las Vegas
     Cooper Coons Ltd.
     Eighth District Court Clerk

---

[3]To the extent that Wells Fargo has alluded to the arguments put forth in its motion for reconsideration, the district court was within its discretion in rejecting those arguments. *See AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) (reviewing a district court's decision regarding a motion for reconsideration for an abuse of discretion); *Choy v. Ameristar Casinos, Inc.*, 127 Nev. 870, 872, 265 P.3d 698, 700 (2011) (observing that granting or denying an NRCP 56(f) continuance is within the district court's discretion).