# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR
ARGENT SECURITIES INC., ASSET-
BACKED PASS-THROUGH
CERTIFICATES, SERIES 2006-M1,
Appellant,
vs.
NV EAGLES, LLC,
Respondent.

No. 68800



FILED

DEC 14 2017

ELIZABETH A. [...]
CLERK OF SUPREME COURT
BY DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant Deutsche Bank challenges the relevant provisions of NRS Chapter 116, arguing that the statutory scheme violates its due process rights and that a foreclosure under that scheme constitutes a governmental taking. This court's decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), forecloses those challenges.[1] Additionally, Deutsche Bank's

---

[1]We need not address Deutsche Bank's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank, N.A.*, 130

Supreme Court
OF
Nevada

(O) 1947A

17-43193

argument that *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408 (2014), should be applied prospectively only fails in light of this court's decision in *K&P Homes v. Christiana Trust*, 133 Nev., Adv. Op. 51, 398 P.3d 292 (2017).

Deutsche Bank also contends that summary judgment was improper because the foreclosure notices referred to collection costs and attorney fees. We disagree. First, as respondent observed in district court, the notices do not necessarily state that costs and fees were part of the HOA's lien, but only that they are owed. Second, even if the HOA's lien improperly included costs and fees, we are not persuaded that such an impropriety would warrant invalidating the sale, as the lien still included monthly assessments. *Cf. SFR Inv. Pool 1*, 130 Nev., Adv. Op. 75, 334 P.3d at 419 (observing that an HOA's proper foreclosure of a lien comprised of monthly assessments extinguishes a deed of trust).

Deutsche Bank also asserts that there are genuine issues of material fact that preclude summary judgment, namely that the foreclosure sale was commercially unreasonable based on the inadequacy of the purchase price. This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, ___ P.3d ___ (2017) (discussing cases and reaffirming that inadequate price

---

Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting). Additionally, we decline to consider Deutsche Bank's due process argument as it relates to the notice of delinquent assessment because that argument was not raised in district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* at 10-11. Although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *id.* at 15-16, Deutsche Bank did not offer any evidence other than the inadequacy of the purchase price. Therefore, the district court correctly determined that respondent was entitled to summary judgment on its quiet title claim.[2] *See SFR Inv. Pool 1*, 130 Nev., Adv. Op. 75, 334 P.3d at 419[3]; *see also Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant.").

We also conclude that the district court was within its discretion in denying Deutsche Bank's request for an NRCP 56(f) continuance.[4] *Choy v. Ameristar Casinos, Inc.*, 127 Nev. 870, 872, 265 P.3d

---

[2]Because Deutsche Bank did not demonstrate sufficient grounds to justify setting aside the foreclosure sale, we need not address respondent's putative status as a bona fide purchaser.

[3]Contrary to Deutsche Bank's contention, the district court did not rely on the deed recitals as the basis for granting summary judgment. Rather, the district court relied on the evidence produced by respondent, and Deutsche Bank has not meaningfully explained what additional evidence respondent needed to introduce to make a prima facie showing that the sale was valid. *See Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1109-12 (2016) (explaining that conclusive effect of recitals included in trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable relief but that party challenging the sale must set forth grounds for such relief).

[4]We decline to address Deutsche Bank's argument that it should have been permitted to amend its answer. *See Francis v. Wynn Las Vegas, LLC*,

698, 700 (2011) (observing that granting or denying a continuance is within the district court's discretion). Deutsche Bank's NRCP 56(f) affidavit sought discovery on one issue: whether the HOA's agent had a practice of rejecting banks' tenders. But Deutsche Bank offered no evidence that it attempted to tender any payment to the HOA's agent, the district court correctly determined that discovery on that issue would have been irrelevant. Moreover, even if Deutsche Bank's NRCP 56(f) affidavit had asked to conduct discovery on issues that might have implicated fraud, unfairness, or oppression, Deutsche Bank failed to explain why it had been unable to conduct the requested discovery before the discovery period closed.[5] *See* NRCP 56(f) (requiring a party to provide an affidavit explaining why the party has thus far been unable to present evidence sufficient to oppose a summary judgment motion). Thus, the district court would have been within its discretion in denying Deutsche Bank's request for a continuance relating to those issues.[6] *See Francis v. Wynn Las Vegas, LLC,*

_____

127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011) (arguments made for the first time in a reply brief are generally not considered).

[5]Additionally, it appears that some of the issues identified in Deutsche Bank's summary judgment opposition (e.g., whether Deutsche Bank tendered payment to the HOA's agent and whether Deutsche Bank received the notice of default and notice of sale) were issues that Deutsche Bank could have resolved based on its own records without conducting discovery.

[6]Although Deutsche Bank contended that the HOA had not responded to Deutsche Bank's subpoena, respondent explained to the district court that the HOA's agent had provided respondent with all the relevant documents and that respondent, in turn, had provided those documents to Deutsche Bank. Given Deutsche Bank's failure to refute respondent's explanation, the district court was within its discretion in rejecting Deutsche Bank's contention. *Choy*, 127 Nev. at 872, 265 P.3d at 700.

127 Nev. 657, 669, 262 P.3d 705, 714 (2011) ("[I]f the movant has previously failed diligently to pursue discovery, it is not an abuse of discretion for the district court to deny the motion." (quotation omitted)). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Nancy L. Allf, District Judge
      Lansford W. Levitt, Settlement Judge
      Wright, Finlay & Zak, LLP/Las Vegas
      The Wright Law Group
      Eighth District Court Clerk