# IN THE SUPREME COURT OF THE STATE OF NEVADA

JP MORGAN CHASE BANK, N.A., A
NATIONAL BANKING ASSOCIATION,
Appellant,
vs.
HOLM INTERNATIONAL
PROPERTIES, LLC, A UTAH LIMITED
LIABILITY COMPANY REGISTERED
AS A FOREIGN LIMITED LIABILITY
COMPANY IN NEVADA,
Respondent.

No. 70608

**FILED**

DEC 11 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.[1]

Appellant contends that the district court overlooked its proffered evidence of fraud, unfairness, or oppression that allegedly affected the foreclosure sale. *Cf. Nationstar Mortg. LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent some element of fraud, unfairness, or oppression affecting the sale). In particular, appellant contends that unfairness exists

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal. We decline appellant's invitation to revisit our decisions in *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 134 Nev., Adv. Op. 58, 422 P.3d 1248 (2018), and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017).

18-908119

because the sale was orally postponed and that the HOA did not provide written notice to appellant of the postponement. We disagree that the oral postponement constituted unfairness, as the HOA was statutorily permitted to orally postpone the sale without providing written notice to appellant, *see* NRS 116.31164(1) (2005), and there is nothing in the record to suggest that appellant was unable to attend the initially scheduled sale where it would have been apprised of the postponed sale date.

Appellant also contends that the district court should have granted its request for an NRCP 56(f) continuance because it had not received discovery responses from respondent or the HOA at the time appellant filed its summary judgment opposition. We conclude that reversal is not warranted on this basis because the district court specifically inquired about the NRCP 56(f) request at the summary judgment hearing, to which appellant's counsel acknowledged that "they have answered our discovery" and "I don't see that as an issue." Thus, to the extent appellant did not withdraw its NRCP 56(f) request, we conclude that the district court was within its discretion to deny the request. *Choy v. Ameristar Casinos, Inc.*, 127 Nev. 870, 872, 265 P.3d 698, 700 (2011) (observing that granting or denying a continuance is within the district court's discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.          _____, J.
Gibbons                                    Hardesty

cc: Hon. Gloria Sturman, District Judge
Larry J. Cohen, Settlement Judge
Ballard Spahr LLP/Las Vegas
Mortenson & Rafie, LLP
Eighth District Court Clerk